IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THOMAS JOHN WINDETT,           )
                                     )
       Plaintiff,             )
                                     )
      v.                   )         C.A. No. 25-1251-JLH-LDH
                                     )
FRANK BISIGNANO,             )        **FILED**
Commissioner of Social Security,   )
                                     )
       Defendant.         )       JUN 2 2 2026

**REPORT AND RECOMMENDATION**   U.S. DISTRICT COURT DISTRICT OF DELAWARE

Plaintiff Thomas John Windett ("Mr. Windett" or "Plaintiff") appeals from an unfavorable decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Mr. Windett's application for disability insurance benefits. This Court has jurisdiction under 42 U.S.C. § 405(g).

Pending before the Court are cross-motions for summary judgment filed by Mr. Windett and the Commissioner (D.I. 10, 13), which have been fully briefed (D.I. 11, 14, 15). Mr. Windett seeks a *de novo* hearing and a new decision, while the Commissioner requests that the Court affirm the decision. For the following reasons, I recommend that Mr. Windett's motion for summary judgment be GRANTED, that the Commissioner's cross-motion for summary judgment be DENIED, and that the case be remanded for further proceedings consistent with this Report and Recommendation.

**I.    BACKGROUND**

Mr. Windett filed for disability insurance benefits alleging a disability that began on December 4, 2020. (D.I. 7 (hereinafter "Tr.") at 14). After his claim was denied initially and

again upon reconsideration, an Administrative Law Judge (ALJ) held a hearing and issued an unfavorable decision. (Tr. at 11–27). Although the ALJ found severe impairments of degenerative disc disease of the cervical and lumbar spine, mild to moderate bilateral hip joint arthrosis, bilateral carpal tunnel syndrome, and ankylosing spondylitis, the ALJ determined that Plaintiff's impairments did not meet or medically equal any of the listed impairments described in the corresponding regulations. (*Id.* at 17 (citing 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)). Concluding that Mr. Windett had the residual functional capacity (RFC) "to perform light work as defined in 20 CFR 404.1567(b)" with some exceptions, the ALJ maintained that Mr. Windett is capable of performing past relevant work as an auto salesperson. (*Id.* at 17–21).

Mr. Windett requested review, which the Appeals Council denied. (Tr. at 1–6). Mr. Windett then filed a Complaint in this Court invoking his statutory right under 42 U.S.C. § 405(g) to judicial review of the ALJ's decision. (D.I. 1). The parties have cross-moved for summary judgment. (D.I. 10, 13).

## II.    LEGAL STANDARD

Courts review the Commissioner's factual findings for "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In reviewing whether substantial evidence supports the Commissioner's findings, courts may not "re-weigh the evidence or impose their own factual determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *see also Zirsnak v. Colvin*, 777 F.3d 607, 610–11 (3d Cir. 2014).

2

To determine if a claimant is disabled, the Commissioner follows a five-step sequential inquiry. *See* 20 C.F.R. § 416.920(a)(4)(i)–(v). The Third Circuit has previously explained this sequential analysis, and the shifting burdens that attend each step, in detail:

> The first two steps involve threshold determinations. In step one, the Commissioner must determine whether the claimant currently is engaging in substantial gainful activity. If a claimant is found to be engaging in substantial gainful activity, the disability claim will be denied. In step two, the Commissioner must determine whether the claimant has a medically severe impairment or combination of impairments. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. In step three, the Commissioner compares the medical evidence of the claimant's impairment to a list of impairments presumed severe enough to preclude any gainful work. If the impairment is equivalent to a listed impairment the disability claim is granted without further analysis. If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five. Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform his past relevant work. The claimant bears the burden of demonstrating an inability to return to his past relevant work. If the claimant does not meet the burden the claim is denied.
>
> If the claimant is unable to resume his former occupation, the evaluation moves to the final step. At this stage, the burden of production shifts to the Commissioner, who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability. The Commissioner must show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his or her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether he is capable of performing work and is not disabled.

*Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 545–46 (3d Cir. 2003) (internal citations omitted). The analysis is identical whether an application seeks disability insurance benefits or supplemental security income. *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 n.3 (3d Cir. 2004).

## III.  DISCUSSION

Although Mr. Windett argues that the ALJ erred in a number of ways, I focus on the one that requires remand here: that the ALJ did not adequately explain his conclusion that Mr. Windett remains capable of performing a reduced range of light work.

Mr. Windett described his impairments as affecting his abilities to lift more than ten pounds, as well as sit, stand, and walk for long periods of time. (Tr. at 17). The ALJ recognized Mr. Windett's assertion but stated that he was instead "persuaded by the findings and opinion of a consultative examiner" who opined that Mr. Windett could "perform sitting frequently, standing frequently, walking continuously, and lifting and carrying 10 pounds frequently." (*Id.* at 19–20.) Crediting the consultative examiner's findings, the ALJ then concluded that Mr. Windett had the RFC "to perform light work as defined in 20 CFR 404.1567(b)" with some exceptions related to climbing steps, reaching overhead, and tolerance of extreme temperatures, vibrations, fumes, "and hazards such as machinery and heights." (*Id.* at 20).[1] 20 CFR 404.1567(b) defines "light work" as involving, *inter alia*, "lifting no more than **20 pounds** at a time with frequent lifting or carrying of objects weighing up to 10 pounds." (emphasis added).

---

[1]       *See also* Tr. at 17 ("After careful consideration of the entire record, the undersigned finds that from December 4, 2020 through July 31, 2024 the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she could occasionally climb ramps, stairs, ladders, ropes, and scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; occasionally reach overhead bilaterally with his upper extremities; tolerate frequent exposure to extreme cold, extreme heat, humidity, vibration, fumes, odors, dusts, gases, poor ventilation, and hazards such as machinery and heights."); *Id.* at 21 ("After careful consideration of the entire record, the undersigned finds that as of August 1, 2024 the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he can frequently handle, finger, and feel bilaterally with his upper extremities; occasionally climb ramps, stairs, ladders, ropes, and scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; occasionally reach overhead bilaterally with his upper extremities; tolerate frequent exposure to extreme cold, extreme heat, humidity, vibration, fumes, odors, dusts, gases, poor ventilation, and hazards such as machinery and heights.")

According to Mr. Windett, the ALJ did not meaningfully explain how he bridged the gap between the medical evidence he credited (which concluded that Mr. Windett could lift and carry 10 pounds frequently) and making the RFC determination (that Mr. Windett could lift up to 20 pounds at a time consistent with 20 CFR 404.1567(b)).  Notably, the Commissioner neither responds to Mr. Windett's argument nor argues that any error was harmless.  (*Compare* D.I. 11 at 13, *with* D.I. 14).  Nor does the Commissioner address Mr. Windett's cited authority on this point, *Ginder v. Comm'r of Soc. Sec.*, C.A. No. 24-2098, 2025 WL 323095, at *2 (3d Cir. Jan. 29, 2025).

In *Ginder*, the Court of Appeals for the Third Circuit vacated an ALJ's determination when the court could not determine the basis for an ALJ's finding that a claimant could perform a limited range of light work, leaving the court guessing as to whether evidence was "was not credited or simply ignored."  2025 WL 323095, at *3 (quoting *Burnett v. Commissioner*, 220 F.3d 112, 121 (3d Cir. 2000)).  Here, it is unclear how the ALJ found Mr. Windett capable of "perform[ing] light work as defined in 20 CFR 404.1567(b)" and lifting "no more than 20 pounds at a time" after crediting medical evidence and noting Mr. Windett's own testimony limiting his lifting to 10 pounds.  Accordingly, I recommend vacating and remanding for the ALJ to reconsider and provide his reasons and evidentiary basis for the RFC determination.  *Ginder*, 2025 WL 323095, at *3.

Because I have so recommended, Mr. Windett's additional claims of error may be remedied through the case's treatment on remand.  "A remand may produce different results on these claims, making discussion of them moot."  *Brown v. Saul*, C.A. No. 18-1619-MEM-GBC, 2020 WL 6731732, at *7 (M.D. Pa. Oct. 23, 2020), *report and recommendation adopted*, 2020 WL 6729164, at *1 (M.D. Pa. Nov. 16, 2020); *accord Marilyn G.D. v. Comm'r of Soc. Sec.*, C.A.

No. 21-00494-KM, 2022 WL 855684, at *8 (D.N.J. Mar. 22, 2022); *LaSalle v. Comm'r of Soc. Sec.*, C.A. No. 10-1096-DWA, 2011 WL 1456166, at *7 (W.D. Pa. Apr. 14, 2011); *Bruce v. Berryhill*, 294 F. Supp. 3d 346, 364 (E.D. Pa. 2018). Accordingly, I decline to address them further.

## IV.   CONCLUSION

For the reasons set forth above, I recommend that Plaintiff's motion for summary judgment (D.I. 10) be GRANTED, that the Commissioner's cross-motion (D.I. 13) be DENIED, and that this matter be remanded back to the Commissioner of the Social Security Administration for further proceedings consistent with this recommendation.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be filed within fourteen days and limited to ten pages. Any response shall be filed within fourteen days thereafter and limited to ten pages. The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the District Court.

The parties are directed to the Court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which can be found on the Court's website.

Dated: June 22, 2026

_____
Laura D. Hatcher
United States Magistrate Judge

6